# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JERONE MCDOUGALD, <br>     Plaintiff, | Case No. 1:18-cv-93 |
| | Judge Timothy S. Black |
| vs. | |
| ROSEANNA CLAGG, *et al.*, <br>     Defendants. | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 7)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on April 16, 2018, submitted a Report and Recommendation ("R&R") recommending that the complaint should be dismissed as to Defendant Mahlman (only). (Doc. 7). Plaintiff Jerone McDougald filed an untimely objection on May 4, 2018. ("Objection") (Doc. 9).

The Objection is not well-taken. Initially, the Objection—which was required to be filed by April 30, 2018, but was not filed until four days later—is untimely and fails as a matter of law.[1] *See Jones v. Warden, Ross Corr. Inst.*, No. 2:11-cv-0871, 2013 WL 6230365, at *2, 2013 U.S. Dist. LEXIS 169658, at * 4 (S.D. Ohio Dec. 2, 2013) ("failure

---

[1] The Objection to the R&R before the Court (Doc. 7) also includes untimely objections to a Report and Recommendation submitted on April 16, 2018 in the case that is being consolidated with this civil action. (Case No. 18-cv-135, Doc. 7). That Report and Recommendation was adopted by Judge Barrett on May 15, 2018. (Case No. 18-cv-135, Doc. 10). Given that Plaintiff's objections to that R&R are untimely and fail as a matter of law, and that Judge Barrett has already ordered the dismissal of Plaintiff's claims against Defendants Erdo and Cool, those objections are resolved and the Court does not address them here.

to file timely objections not only waives the right to de novo review of a Magistrate [Judge]'s Report and Recommendation, but dispenses with the need for the district court to conduct any review").

In any event, the Objection fails on the merits. After reviewing the R&R and the Objection, the Court concurs with the Magistrate Judge's conclusion that Defendant Mahlman cannot be held liable for failing to conduct an investigation. (Doc. 7, at 3-4). Cases cited in the Objection are not applicable here as Mahlman was not a supervisor who created a policy or custom under which unconstitutional practices occurred. (Doc. 9, at 2).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendation should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) Plaintiff's claims against Defendant Mahlman are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and

2) Case number 1:18-cv-135 is consolidated into case number 1:18-cv-93, and all pleadings shall now be filed in case number 1:18-cv-93.

**IT IS SO ORDERED.**

Date: 7/17/18　　　　　　　　　　　　　　　　　*s/ Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge