UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,

    Plaintiff,

vs.

ROSANNA CLAGG, *et al.,*

    Defendants.

Case No. 1:18-cv-93

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil rights action is now before the Court on Plaintiff's pro se motion to amend the complaint. (Doc. 49). Plaintiff seeks to amend his complaint "to add facts of imminent danger" to his preliminary injunction and temporary restraining order." *Id.* Upon careful review, the undersigned finds that Plaintiff's motion is not well-taken.

"Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading." *Broyles v. Correctional Medical Serv., Inc. .,* 2009 WL 3154241 (6th Cir.2009); *see Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir.2000). The Sixth Circuit has described this Rule as giving plaintiffs an "absolute right to amend." *Pertuso,* 233 F.3d at 421.

However, where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Although the "court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), provides that leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman*

*v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Perkins v. American Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir.2001). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir.2005). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Here, Defendants filed a responsive pleading on June 11, 2018 and again to a subsequently filed supplemental complaint on November 15, 2018. (See Docs. 12, 24). Discovery is now closed and the dispositive motion deadline is now upon us. It is prejudicial to Defendants to allow a third amendment at this juncture of the case.

Furthermore, Plaintiff's proposed amendments are futile because they fail to state a claim upon which relief may be granted by this Court. Additionally, the is no preliminary injunction and/or temporary restraining order currently pending before the Court. Plaintiff has been granted IPF status in this case. Plaintiff's motion to add imminent danger is not needed to retain that status.[1]

---

[1] Plaintiff has filed virtually the same motion in other cases where his IFP status has been denied or recommended it be denied due to the provisions of the PLRA. *See McDougald v. Bear*, Case No 1:18-cv-498; *McDougald v. Eaches,* Case No. 1:18-cv-80.

In sum, the undersigned finds that Plaintiff's proposed amendments would not survive a motion to dismiss because the factual allegations do not state any plausible claim for relief.  It is therefore **RECOMMENDED** that Plaintiff's motion for leave to amend (Doc. 49) be **DENIED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,

    Plaintiff,

    vs.

ROSANNA CLAGG, *et al.,*

    Defendants.

Case No. 1:18-cv-93

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).