UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,

    Plaintiff,

v.

ROSEANNA CLAGG et al.,

    Defendants.

Case No. 1:18-cv-93

Cole, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff Jerome McDougald, who is a frequent *pro se* filer in this Court,[1] filed an action under 42 U.S.C. § 1983 alleging various violations of his civil rights while incarcerated at the Southern Ohio Correctional Facility. On March 15, 2019, Defendants Roseanna Clagg, David Conley, Nurse L. Hart, Jeremy Eaches, William Bauer, and Jason Joseph (collectively "Defendants") filed a motion for summary judgment (Doc. 55). For the following reasons, the undersigned RECOMMENDS THAT Defendants' motion for summary judgement be granted and that his case be dismissed.

---

[1] As of this date, plaintiff has filed over 20 cases in the Southern District of Ohio. *See McDougald .v Eddy*, 2:19-cv-257 (TSB; SKB) (S.D. Ohio Oct. 21, 2019); *McDougald v. Erdos*, 1:19-cv-107 (TSB; SKB) (S.D. Ohio Feb. 11, 2019); *McDougald v. Eddy*, 2:19-cv-257 (TSB; SKB) (S.D. Ohio Jan. 25, 2019); *McDougald v. Smoot*, 1:19-cv-50 (SJD; KLL) (S.D. Ohio Jan. 22, 2019); *McDougald v. Bear*, 1:18-cv-498 (TSB; KLL) (S.D. Ohio July 23, 2018); *McDougald v. Erdos*, 1:18-cv-135 (MRB; SKB) (S.D. Ohio Feb. 23, 2018); *McDougald v. Clagg*, 1:18-cv-93 (TSB; SKB) (S.D. Ohio Feb. 9, 2018); *McDougald v. Eaches*, 1:18-cv-80 (MRB; SKB) (S.D. Ohio Feb. 5, 2018); *McDougald v. Erdos*, 1:17-cv-464 (MRB; SKB) (S.D. Ohio July 10, 2017); *McDougald v. Dillow*, 1:17-cv-196 (MRB; KLL) (S.D. Ohio Mar. 27, 2017); *McDougald v. Dunlap*, 1:17-cv-127 (MRB; SKB) (S.D. Ohio Feb. 24, 2017); *McDougald v. Bear*, 1:17-cv-124 (MRB; SKB) (S.D. Ohio Feb. 21, 2017); *McDougald v. Erdos*, 1:17-cv-95 (SJD; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Sammons*, 1:17-cv-91 (MRB; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Lt. Stone*, 1:17-cv-72 (SJD; SKB) (S.D. Ohio Feb. 1, 2017); *McDougald v. Dillow*, 1:16-cv-1099 (MRB; SKB) (S.D. Ohio Nov. 23, 2016); *McDougald v. Eaches*, 1:16-cv-900 (SJD; KLL) (S.D. Ohio Sept. 6, 2016); *McDougald v. Davis*, 1:16-cv-633 (SJD) (June 10, 2016); *McDougald v. Davis*, 2:16-cv-545 (GCS; KAJ) (S.D. Ohio June 10, 2016); *McDougald v. Ahmad*, 1:16-cv-500 (SJD; SKB) (S.D. Ohio Apr. 28, 2016); *McDougald v. Esham*, 1:16-cv-497 (SJD; KLL) (S.D. Ohio Apr. 27, 2016); *McDougald v. Mahlman*, 1:16-cv-317 (TSB; SKB) (S.D. Ohio Feb. 16, 2016); *McDougald v. Timberlake*, 1:08-cv-744 (MRB; JGW) (S.D. Ohio Oct. 29, 2008).

1

## I. Background

Plaintiff's complaint contains rambling, conclusory allegations and is devoid of factual explanation of the incident leading to his suit. (*See* Doc. 1). Therefore, the background facts provided here are supported by declarations and affidavits submitted by the various Defendants, along with Plaintiff's medical records. On September 28, 2017, Officers Jason Joseph ("Joseph"), Jeremy Eaches ("Eaches"), and William Bauer ("Bauer") approached Plaintiff's cell after reports that he smeared feces on the wall. (Exhibit B, Declaration of William Cool; Exhibit C, Use of Force Packet; Exhibit D, RIB Packet; Affidavit of Jeremy Eaches at ¶2, Doc. 52; McDougald Dep., pp. 28:1-10, 30:9-13, Doc. 54). When they arrived, Plaintiff requested to see mental health. (Doc. 55, Exhibit C; Eaches Aff. at ¶5, Doc. 52; McDougald Dep., p. 28:14-15, Doc. 54). Officers requested that Plaintiff come to the front of his cell, but Plaintiff failed to comply, resulting in Joseph disbursing pepper spray into the cell. (Doc. 55, Exhibit C; Eaches Aff. at ¶8, Doc. 52). Plaintiff tried to run out of his cell and, as he was running toward the cell door, he grabbed for Joseph, causing all officers to take Plaintiff to the ground. (Doc. 55, Exhibit C; Eaches Aff. at ¶9, Doc. 52). While on the ground, McDougald tucked his arms underneath his body and refused orders to remove his arms so he could be handcuffed. *Id.*

The struggle with Plaintiff resulted in Plaintiff being struck with a PR-24 baton as well as fists of the officers. *Id.* at ¶¶ 10-13. The officers then escorted Plaintiff to the infirmary, during which Plaintiff repeatedly went limp, causing both himself and Joseph to fall down. *Id.* at ¶¶ 14-17. Plaintiff received treatment at Adena Pike Regional Medical Center and OSU Wexner Medical Center and was diagnosed with a fractured orbital

bone, swollen shoulder, swollen hands, a chipped tooth, and swollen jaw. (Doc. 54, McDougald Dep., p. 70:7-16, Exhibit E, Declaration of Bertha Goodman; Exhibit F, McDougald's medical records from SOCF, pp. 224-225). Plaintiff received follow-up medical care at SOCF with no indication that outside care was necessary. (Doc. 55, Exhibit F, McDougald's SOCF medical records).

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial "responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record that demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); see id. at 255 ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.") (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59 (1970)). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

### A. Judicial Notice of Similar Claims by Plaintiff

Prior to examining the specific facts at issue here, the undersigned takes judicial notice that Plaintiff has filed many other cases in this Court containing similar allegations.

3

Plaintiff has alleged that various SOCF officials have used excessive force against him by using pepper spray and exhibited deliberate indifference to his serious medical needs. *Compare, e.g., McDougald v. Dillow*, Case No. 1:17-cv-19 6, 2018 WL 3825894 (S.D. Ohio Aug. 10, 2018) (summary judgment granted on claims that prison officials deployed pepper spray and conducted a cell search in retaliation for plaintiff's history of filing institutional complaints); *McDougald v. Esham*, Case No. 1:16-cv-497, 2018 WL 1010214 (S.D. Ohio Feb. 21, 2018) (summary judgment granted on claims that prison officials used excessive force in spraying plaintiff with pepper spray on two occasions, and denied him medical treatment following the exposure); *McDougald v. Eaches*, Case No. 1:16-cv-900, 2018 WL 3966245 (S.D. Ohio Aug. 17, 2018) (summary judgment granted on First and Eighth Amendment claims relating to use of pepper spray and alleged denial of decontamination); *McDougald v. Dillow*, Case No. 1:16-cv-1099, 2018 WL 3676084 (S.D. Ohio Aug. 2, 2018) (summary judgment granted on First and Eighth Amendment claims relating to use of pepper spray and alleged refusal to provide decontamination); *McDougald v. Erdos*, Case No. 1:17-cv95, 2018 WL 3772181 (S.D. Ohio Aug. 9, 2018) (summary judgment granted on Eighth and Fourteenth Amendment claims relating to use of pepper spray and alleged refusal of medical attention and decontamination); *McDougald v. Bear*, Case No. 1:17-cv-124, 2019 WL 652501 (S.D. Ohio Feb. 15, 2019) (granting summary judgment on claim that defendants used excessive force and were deliberately indifferent to his medical needs in pepper spray incident); *McDougald v. Erdos*, Case No. 1:19-cv-107 (Doc. 2, R&R filed Feb. 28, 2019, denying motion to proceed in forma pauperis on Eighth Amendment claims involving alleged use of pepper spray on August 7, 2017 and four other dates); *McDougald v. Smoot*, Case No. 1:19-cv-50, 2019

4

WL 955030 (S.D. Ohio Feb. 27, 2019) (R&R recommending denial of in forma pauperis status for claims alleging use of pepper spray and failure to provide medical attention on numerous occasions); *McDougald v. Bear*, Case No. 1:18-cv-498, 2019 WL 954748 (S.D. Ohio Feb. 27, 2019) (dismissal of pepper spray claim due to "three strikes" history). Here, the use of pepper spray and failure to provide medical attention is included as one of several Eighth Amendment claims.

Notwithstanding the similarity of these cases, the undersigned takes seriously this Court's obligation to examine the facts and evidence presented in each case on its own merits. In other words, the undersigned does not assume that because Plaintiff has made such similar claims in the past, he is "crying wolf" in this case, nor does the undersigned assume that "where there is smoke, there is fire." Rather, the undersigned takes judicial notice of the prior similar cases because, examining closely the well-supported motion for summary judgment filed in this case, the Court's prior legal analysis applies equally to the facts presented here.

### B. Defendants' Motion for Summary Judgment
#### 1. Plaintiff Cannot Show Excessive Use of Force

All Defendants are entitled to summary judgment for many of the same reasons stated in other pepper spray cases involving Plaintiff; namely, that the undisputed facts reflect that the use of pepper spray was appropriate and proportional to Plaintiff's disruptive behavior. The evidence of record shows that Defendant Joseph deployed pepper spray in direct response to Plaintiff's actions, which included smearing feces on the wall and self-inflicting injury by banging his head against the wall. (See Doc. 55, Exs. A, B, C).

5

The Eighth Amendment prohibition against cruel and unusual punishment prohibits only the deliberate use of force by a prison official that is "excessive and unjustified." *Cornwall v. Dahlberg*, 963 F.2d 912, 915 (6th Cir. 1992) (internal quotation marks and additional citation omitted). On the other hand, "the good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment." *Parris v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).

All of the evidence, including the video, support Defendants' version of the facts. In opposing Defendants' properly supported motion for summary judgment, Plaintiff must "designate specific facts in affidavits, depositions, interrogatories, or other factual material" from which a reasonable jury could find in his favor. *Maston v. Montgomery Cnty. Jail Med. Staff Personnel*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011). In this case, Plaintiff merely responded by reemphasizing his conclusory allegations that Defendants are participating in a "cover up" (Doc. 78 at 7) and that Defendants "fabricated a false version of events" (Doc. 78 at 4). In response to Defendants' motion for summary judgement, Plaintiff provided declarations from fellow inmates. See Doc. 78, Ex. 1; Doc. 79, Ex. 1). Notably, none of the inmate declarants actually witnessed the events that occurred between the officers and McDougald inside of McDougald's cell. (Doc. 78-1, Page ID # 951-953). While the declarants each claim they heard McDougald yell that "he was not resisting," none of the declarants can provide statements regarding whether McDougald actually resisted any of the officers' commands, as they could not see inside McDougald's cell. Id. Any statements based on whether McDougald complied with or resisted any direct commands are purely speculative.

6

Moreover, as noted by Defendants, despite video evidence to the contrary, three of the declarants, in surprisingly similar terms, stated he witnessed a sheet wrapped around McDougald's neck when he was escorted out of his cell.

- "he had a sheet around his neck that he didn't have the first time he was out of his cell attempting to escape…" (Declaration of Cory Black, Doc. 78-1; Page ID # 951).

- "McDougald was brung out of his cell looking as though he was severely beaten with a sheet wrapped around his neck that wasn't there when I saw him on the range attempting to escape…" (Declaration of Jacob Tolle, Doc. 78-1, Page ID # 952).

- "He appeared unconscious with something around his neck he didn't have the first time I saw him out the cell." (Declaration of Phillip Bloodworth, Doc. 78-1, PAGE ID # 953).

Despite these assertions, Video 524-171 directly contradicts these statements. Video 524-17 does show McDougald's arm and foot extend beyond the door of his cell. (Video 524-17 at 5:36:13-5:36-16). It also shows McDougald's backside and leg as officers attempt to restrain McDougald and prevent his attempted escape. (Video 524-17 at 5:36:17-5:36-33). At no time does McDougald's torso, head, or neck emerge from the interior of his cell. Additionally, the video clearly shows that a white object - whether it is a sheet or McDougald's shirt is unclear - is wrapped around McDougald's shoulders, and behind his head, not around his neck. (Video 524-17 at 5:39:25-5:39:27). Furthermore, McDougald has not made any allegations that any sheet or other cloth object was used in any exhibit of force against him.

This Court and others repeatedly have held that the use of pepper spray in response to an inmate who is disruptive, aggressive, and spitting at corrections officers is not disproportionate to the need to control an unruly inmate and does not satisfy the subjective component of an Eighth Amendment claim. *See Easley v. Little*, 2016 WL

7

4006676 at *7 (S.D. Ohio 2016) ("A short burst of pepper spray is not disproportionate to the need to control an inmate who has failed to obey an order."); *McDougald v. Bear*, Case No. 1:17-cv-124 (R&R filed Feb. 15, 2019) (collecting cases); *McDougald v. Erdos*, 1:17-CV-95, (R&R filed 8/9/18 at 9-10 (same)); *McDougald v. Dillow*, Case No. 1:16-cv-1099 (R&R filed 8/2/18 at 7, 10-11 (same)); *McDougald v. Eaches*, Case No. 1:16-cv-900 (R&R filed 8/17/18 at 10 (same)). Here, Plaintiff was engaging in unruly and aggressive behavior, which warrants the authorized use of pepper spray in this case.

As set forth in Defendants' Motion for Summary Judgment, a thorough use of force investigation was conducted and the investigation found that the force used by Joseph, Eaches, and Bauer was reasonable and justified based on McDougald's behavior and repeated failure to follow direct orders and his violation of multiple rules of the Inmate Code of Conduct. (See Doc. 55, Exhibit C; Exhibit D, Exhibit G to Defendants' Motion for Summary Judgment). The investigation resulted in a finding that McDougald violated multiple rules of the Inmate Rules of Conduct regarding his interactions with Joseph, Eaches, and Bauer on September 28, 2017. Specifically, McDougald was found to have violated Rules 3, 20 and 21. (See Defendants' Motion for Summary Judgment, Exhibit D, RIB Packet; Exhibit G, Inmate Rules of Conduct, Oh. Admin. Code 5120-9-06). McDougald does not dispute these facts.

### 2. Plaintiff Cannot Show Deliberate Indifference to Medical Needs

To establish a violation of Eighth Amendment rights from a denial of medical care, McDougald must show that prison officials acted with "deliberate indifference to his serious medical needs." *McDougald v. Erdos*, S.D. Ohio, No. 1:17-CV-95, 2018 WL 3772181, at *4 (Aug. 9, 2018), report and recommendation adopted, S.D. Ohio, No.

8

1:17CV95, 2018 WL 4334606 (Sept. 11, 2018), quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A constitutional claim for denial of medical care has both objective and subjective components. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). The objective component requires the existence of a "sufficiently serious" medical need. *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. The subjective component requires an inmate to show that prison officials had "a sufficiently culpable state of mind" in denying medical care by showing that the official: (a) subjectively knew of a risk to the prisoner's health; (b) drew the inference that a substantial risk of harm to the prisoner existed; and (c) consciously disregarded that risk. *Farmer*, 511 U.S. at 834-37

Objectively, despite the (intentional) immediate impact of the pepper spray, there is no evidence that it caused anything more than temporary discomfort. The Court takes note of strikingly similar and conclusory allegations made in Plaintiff's prior cases, in which Plaintiff also failed to come forward with evidence that would create a genuine issue of material fact in opposition to motions for summary judgment. *See McDougald v. Eaches*, Doc. 58 at 12-14 (R&R holding that Defendants were entitled to summary judgment on pepper spray claim, based upon evidence that Plaintiff was offered decontamination and was seen by a nurse shortly after being pepper spray, and failure of plaintiff to establish that "any medical diagnosis made him particularly vulnerable to chemical agent exposure" or any "serious medical need beyond the normal effects associated with pepper spray exposure"). McDougald received pepper spray decontamination procedures at the infirmary. (Doc. 55, Exhibit C; Eaches Aff. at ¶18, Doc. 52). Defendant L. Hart ("Hart") assessed McDougald, and determined it was necessary

9

to send him to an outside medical facility for treatment. (Doc. 55, Exhibit C, pp. 065-066; Eaches Aff. at ¶19). McDougald was only waiting in infirmary for about thirty minutes before a proper transport could be arranged, and he was promptly transferred to Adena Pike Medical Center for treatment. (Exhibit A). Thus, Plaintiff was timely transported to receive outside medical care after the main incident and continued to receive follow-up treatment. The behavior of Defendants after the incident does not show deliberate indifference to medical needs. Rather, Plaintiff was adequately cared for by Defendants both within SOCF and the external medical facilities.

### 3. Plaintiff Cannot Prove a Failure to Protect Claim

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994). To establish an Eighth Amendment, claim against prison officials based upon their failure to protect him from attack by other correctional officers, Plaintiff would be required to present evidence showing that the officers' conduct amounted to "deliberate indifference" to a known risk of harm. *Id.* at 837.

Plaintiff cannot make this showing. There is no evidence that any of the Defendants knew or should have known that Plaintiff faced an excessive risk of harm during the incident at issue, during Joseph's reactive deployment of pepper spray, or immediately following the use of pepper spray. In fact, the only harm to Plaintiff was the risk which Plaintiff himself created by his own rule violations and unruly behavior. Therefore, Defendants are entitled to summary judgment on Plaintiff's "failure to protect" claim.

### 4. Qualified Immunity

There is no clearly established law that prohibits correctional officers from using pepper spray in a reactive fashion as occurred in this case, following an inmate's commission of rule violations. *Thompson v. Joseph*, 2014 WL1685918 at *7 (S.D. Ohio Apr. 29, 2014) (R&R), adopted at 2014 WL 2172894 (S.D. Ohio May 23, 2014) (qualified immunity granted where "no reasonable officer would have understood that it violated the Eighth Amendment to reactively aim chemical spray at Plaintiff in his cell for less than two seconds…, in order to force a threatening inmate to retreat and restore order"); *McDougald v. Dillow*, Case No. 1:16-cv-1099, Doc. 55 at 16 (R&R recommending that Defendants be granted qualified immunity in light of Plaintiff's failure of to show violation of any clearly established constitutional right).

Because Plaintiff has failed to show any violation of his Eighth Amendment rights, all defendants are also entitled to qualified immunity. *See Phillips v. Roane County*, 534 F.3d 531, 539 (6th Cir. 2008) (stating that in order to determine whether government officials are entitled to qualified immunity, the court must first determine whether there was any constitutional violation).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Defendants' motion for summary judgment (Doc. 55) be **GRANTED;** Plaintiff's motion to Proceed to Judgment (Doc. 89) be **DENIED as MOOT**; and and that this case be **CLOSED.**

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JERONE MCDOUGALD,

    Plaintiff,

v.

ROSEANNA CLAGG ET AL.,

    Defendants.

Case No. 1:18-cv-93

Cole, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).